IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GENE LANCASTER, | No. C 09-3230 MMC (PR) |
| Plaintiff. | **ORDER OF SERVICE** |
| v. | |
| DR. PUNG, et al., | |
| Defendants. | |

On July 15, 2009, plaintiff, a California prisoner incarcerated at the Correctional Training Facility at Soledad ("CTF"), and proceeding pro se, filed the above-titled civil rights action pursuant to 42 U.S.C. § 1983. Subsequently, the Court dismissed the action without prejudice when plaintiff failed to comply with the Court's notice to pay the requisite filing fee or, instead, to submit a completed court-approved in forma pauperis ("IFP") application. Thereafter, plaintiff moved to reopen the action on the ground he had never received the aforementioned notice; the Court granted plaintiff's request, vacated the order of dismissal and granted plaintiff leave to proceed IFP. (Docket Nos. 7 & 9.) Pursuant to 28 U.S.C. § 1915A, the Court will now screen plaintiff's complaint.

**DISCUSSION**

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1  See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and
2  dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may
3  be granted or seek monetary relief from a defendant who is immune from such relief. See id.
4  § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v.
5  Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C.
6  § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the
7  Constitution or laws of the United States was violated, and (2) that the alleged violation was
8  committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48
9  (1988).

10 B.   Plaintiff's Claims

11       The following facts are drawn from the allegations in the complaint and the
12 attachments thereto.

13       Between May 8 and May 31, 2007, plaintiff sought medical attention for several
14 serious medical complaints, including weakness and the inability to grip anything in his right
15 hand, fainting whenever he stood up or moved, dizziness, forgetfulness, incontinence and
16 disorientation. A CT scan performed on May 16, 2007, showed plaintiff had hydrocephalus,
17 i.e., the accumulation of fluid in the brain. Despite plaintiff's symptoms and the CT scan,
18 CTF doctors failed to adequately respond to plaintiff's medical needs and, instead, ultimately
19 referred him for a psychiatric consultation. Consequently, it was not until plaintiff was
20 transported to an outside medical center on May 31, 2007, that he was diagnosed with an
21 advanced case of Valley Fever. As a result, plaintiff required immediate brain surgery and
22 the placement of a permanent shunt in his brain, and he must now take medication for the rest
23 of his life. Plaintiff seeks monetary damages from the CTF medical practitioners who, he
24 alleges, failed to properly diagnose and treat him.

25       Deliberate indifference to a prisoner's serious medical needs violates the Eighth
26 Amendment's proscription against cruel and unusual punishment. Estelle v. Gamble, 429
27 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination
28 of two elements: the seriousness of the prisoner's medical need and the nature of the

2

defendant's response to that need. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official acts with deliberate indifference if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Here, plaintiff alleges facts that, if true, show he was suffering from a variety of debilitating symptoms of which CTF medical practitioners were aware, but that said practitioners failed to take appropriate steps to diagnose and treat him, resulting in serious harm. Such allegations, when liberally construed, state a cognizable claim for relief for deliberate indifference to plaintiff's serious medical needs by the following defendants: Dr. Pung, Dr. Z. Ahmed, Dr. G. Kallisher, Physician's Assistant J. Trent, Dr. I. Grewal, and Physician's Assistant D. Decker. Plaintiff also names as defendants "John Does 1-50." The use of Doe defendants, however, is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Consequently, the Doe defendants will be dismissed without prejudice. Should plaintiff succeed in identifying the unknown defendants, he may move to amend to add them to his complaint. Id.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's claims against "John Does 1-50" are hereby DISMISSED without prejudice.

2. The Clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and all attachments thereto (Docket No. 1), and a copy of this order upon the following defendants at CTF: Dr. Pung, Dr. Z. Ahmed, Dr. G. Kallisher, Physician's Assistant J. Trent, Dr. I. Grewal, and Physician's Assistant D. Decker.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

3. Within **ninety (90)** days of the date this order is filed, defendants shall file a

1  motion for summary judgment or other dispositive motion with respect to the claims found to
2  be cognizable above.  **If defendants are of the opinion that this case cannot be resolved**
3  **by summary judgment or other dispositive motion, defendants shall so inform the**
4  **Court prior to the date the motion for summary judgment or other dispositive motion is**
5  **due.**

6        4.  The Court hereby extends the time to file an answer or waiver of answer, see 42
7  U.S.C. § 1997e(g)(1), to a date to be set after the Court has ruled on the above-referenced
8  motion or received notice that such a motion cannot be filed.

9        5.  If defendants elect to file a motion to dismiss on the grounds plaintiff failed to
10 exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
11 defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune,
12 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810
13 (2003).

14       6.  Any motion for summary judgment shall be supported by adequate factual
15 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
16 Procedure.

17       7.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and
18 served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

19         a.  In the event defendants file an unenumerated motion to dismiss under Rule
20 12(b), plaintiff is hereby cautioned as follows:[1]

21       The defendants have made a motion to dismiss pursuant to Rule 12(b) of
the Federal Rules of Civil Procedure, on the ground you have not exhausted
22 your administrative remedies.  The motion will, if granted, result in the
dismissal of your case.  When a party you are suing makes a motion to dismiss
23 for failure to exhaust, and that motion is properly supported by declarations (or
other sworn testimony) and/or documents, you may not simply rely on what
24 your complaint says.  Instead, you must set out specific facts in declarations,
depositions, answers to interrogatories, or documents, that contradict the facts
25 shown in the defendant's declarations and documents and show that you have
in fact exhausted your claims.  If you do not submit your own evidence in

---

27     [1]The following notice is adapted from the summary judgment notice to be given to pro
se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).
28 See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

4

opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

8. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

9. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

10. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5

11.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

12.  It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

13.  Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

IT IS SO ORDERED.

DATED: February 2, 2011

MAXINE M. CHESNEY
United States District Judge