IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GENE LANCASTER,<br><br>　　　　Plaintiff.<br><br>　v.<br><br>DR. AUNG, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 09-3230 MMC (PR)<br><br>**ORDER GRANTING DEFENDANTS' REQUEST FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTION; DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; DIRECTING PLAINTIFF TO EFFECTUATE SERVICE UPON OR PROVIDE COURT WITH LOCATION INFORMATION FOR UNSERVED DEFENDANT**<br><br>**(Docket Nos. 13, 14)** |

　　　Before the Court is defendants' Motion for Extension of Dispositive Motion Filing Deadline, filed May 24, 2011.  Plaintiff has filed opposition thereto.  In support of their motion, defendants have submitted a declaration stating service was only recently attempted, service has yet to be properly effectuated, and counsel received the case just before the current deadline.

　　　Good cause appearing, defendants' request for an extension of time is hereby GRANTED.  Defendants shall file their motion for summary judgment no later than September 21, 2011.  Plaintiff shall file his opposition, or a statement of non-opposition, to

1  defendants' motion no later than thirty (30) days from the date defendants' motion is filed.
2  Defendants shall file a reply brief no later than fifteen (15) days after plaintiff's opposition is
3  filed.

4  Also before the Court is plaintiff's Motion [for] Default Judgment, filed June 2, 2011.
5  For the reasons set forth above with respect to defendants' motion for an extension,
6  plaintiff's motion is hereby DENIED.  Further, defendants Aung, Ahmed, Kalisher, Trent,
7  and Grewal have now appeared in the action and the record indicates defendant Decker, who,
8  according to defendants' counsel, is no longer working at the Correctional Training Facility,
9  has not been served with the summons and complaint.

10  Lastly, the instant action was reopened in August 2010; thus, absent a showing of
11  "good cause," plaintiff's complaint against defendant Decker is subject to dismissal without
12  prejudice for lack of timely service.  See Fed. R. Civ. P. 4(m).  Although, in cases involving
13  a plaintiff proceeding in forma pauperis, the "officers of the court shall issue and serve all
14  process," 28 U.S.C. § 1915(d), and although the court must appoint the United Sates Marshal
15  to effect service, see Fed. R. Civ. P. 4(c)(3);  see also Walker v. Sumner, 14 F.3d 1415, 1422
16  (9th Cir. 1994), overruled on other grounds by Sandin v. Conner, 515 U.S. 472, 483-84
17  (1995), "a plaintiff may not remain silent and do nothing to effectuate such service," see
18  Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).  Rather, "a plaintiff should . . .
19  attempt to remedy any apparent defects of which [he] has knowledge."  Id.  Where, as here,
20  the Marshal is unable to effectuate service because the plaintiff has not provided sufficient
21  information to locate the defendant, such plaintiff must remedy the situation or face dismissal
22  of the unserved defendant.  See Walker, 14 F.3d at 1421-22 (9th Cir. 1994).   Consequently,
23  plaintiff must either effectuate service on defendant Decker or provide the Court with his
24  current location such that the Marshal is able to effectuate service.

25  Accordingly, plaintiff is hereby ORDERED to either file, no later than July 20, 2011,
26  proof of service on defendant Decker, or, by said date, file a declaration setting forth for said
27  ///
28  ///

2

defendant a current address at which the Marshal is able to serve him. Plaintiff's failure to do so will result in dismissal of the claims against defendant Decker pursuant to Rule 4(m).

This order terminates Docket Nos. 13 and 14.

IT IS SO ORDERED.

DATED: June 14, 2011

_____
MAXINE M. CHESNEY
United States District Judge